# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
SUSAN K. GAUVEY
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_skgchambers@mdd.uscourts.gov
(410) 962-4953
(410) 962-2985 - Fax

January 17, 2014

W. James Nicoll, Esq.
Jenkins, Block & Associates, P.C.
1040 Park Avenue, Suite 206
Baltimore, MD 21201

Alex S. Gordon, Esq.
Office of the United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, MD 21201

> Re: Tavon Rashawn Blackstone, Sr. v. Michael J. Astrue,
> Acting Commissioner of Social Security, Civil No.
> SKG-12-2776

Dear Counsel,

Tavon Rashawn Blackstone, Sr. ("Plaintiff") filed this
action on September 17, 2012 seeking judicial review, pursuant
to 42 U.S.C. § 405(g), of the final decision of the Commissioner
of the Social Security Administration ("Commissioner or SSA")
denying his claim for Supplemental Security Income ("SSI") under
Title XI of the Social Security Act, 42 U.S.C. §§ 1381-1383(c).
The undersigned has this case for all proceedings by consent of
the parties pursuant to 28 U.S.C. § 636(c) and Local Rule 301.
(ECF No. 9.)

1

Currently pending before this Court are cross motions for summary judgment and Plaintiff's request, in the alternative, for remand. (ECF Nos. 12 and 14.) No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the reasons stated below, this Court hereby GRANTS Defendant's motion for summary judgment, DENIES Plaintiff's motion for summary judgment, DENIES Plaintiff's motion, in the alternative, for remand, and AFFIRMS the final decision of the Commissioner.

## I. Procedural History

Plaintiff filed an application for SSI payments on June 18, 2009. (R. 129-31.) The SSA denied Plaintiff's application on March 31, 2010 (R. 77, 79-82), as well as his application for reconsideration on July 22, 2010 (R. 78, 86-87). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which took place on May 18, 2011. (R. 29-74.) On May 26, 2011, the ALJ denied Plaintiff's claim. (R. 25.) The Agency's Appeals Council denied Plaintiff's request for review of the ALJ's decision on August 20, 2012. (R. 3-7.) Plaintiff filed the instant case on September 17, 2012, pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner. (ECF No. 1.)

## II.  Factual Background

The Court has reviewed the Commissioner's Statement of Facts and, finding that it accurately represents the record in all material respects, hereby adopts it.  (ECF No. 14-1, 3-4.)

## III.  ALJ Findings

In reviewing a claimant's eligibility for SSI, the ALJ must consider all evidence in the record and follow the sequential five-step analysis, as set forth in the regulations, to determine whether the claimant is disabled within the meaning of the Act.  20 C.F.R § 416.920(a).[1]  If the agency can make a disability determination at any point in the sequential analysis, it does not review the claim further.  20 C.F.R. § 404.1520(a)(4).  After proceeding through each of the required steps, the ALJ in this case concluded that Plaintiff was not disabled as defined by the Act.  (R. 25.)

Plaintiff's sole argument in this appeal pertains to the fifth and final step of the sequential analysis set out in 20 C.F.R.  404.1520(a)(4).  Accordingly, this Court shall only address that element of the ALJ's findings.  Where, as here, the ALJ determines that the claimant is unable to resume his past

---

[1] Disability is defined in the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 416(i)(1)(A).

relevant work, the ALJ proceeds to the fifth step of the sequential analysis. This step evaluates whether, in light of vocational factors such as age, education, work experience, and residual functional capacity ("RFC"), the claimant is capable of other work in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). At this step, the burden of proof shifts to the agency to establish that the claimant retains the RFC to engage in an alternative job which exists in the national economy. McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The agency must prove both the claimant's capacity to perform the job and that the job is available. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983). Before the agency may conclude that the claimant can perform alternative skilled or semi-skilled work, it must show that he possesses skills that are transferable to those alternative positions or that no such transferable skills are necessary. McLain, 715 F.2d at 869.

Here, the ALJ found that although Plaintiff was unable to perform any past relevant work, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs which exist in significant numbers in the national economy. (R. 24.) In doing so, the ALJ posed the following hypothetical question to the vocational expert testifying at Plaintiff's administrative hearing:

> [K]eeping in mind that the claimant is currently 31
> years of age. He was 29 at the time he filed the
> claim. He does have a GED. And I would like you to
> consider the following hypothetical: Please assume
> that he has no exertional limitations, but he is
> limited visually to occasionally performing work
> requiring close visual acuity. He must avoid even
> moderate exposure to workplace hazards … Would there
> be any other work in the national economy he could do?

(R. 63-64.) Based on the testimony of the vocational expert, the ALJ determined that Plaintiff could perform the requirements of representative occupations such as "packer" (150,000 jobs nationally); "dishwasher" (90,000 jobs nationally); and "laundry worker" (100,000 jobs nationally). (R. 24.) Thus, the ALJ concluded that Plaintiff was not disabled, as defined under the Act, from the onset date of June 18, 2009, through the date of denial of disability services. (R. 25.)

## IV.  Standard of Review

The function of this Court on review is to leave the findings of fact to the agency and to determine upon the whole record whether the agency's decision is supported by substantial evidence—not to try plaintiff's claim *de novo*. King v. Califano, 599 F.2d 597, 598 (4th Cir. 1979). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if the ALJ employed the proper legal standards. 42 U.S.C. § 405(g), 1383(c)(3) (2001); Craig v.

*Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence "consists of more than a scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations omitted).

In reviewing the decision, this Court will not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig*, 76 F.3d at 589; *Hayes v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The Commissioner, as fact finder, is responsible for resolving conflicts in the evidence. *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962). If the Commissioner's findings are supported by substantial evidence, this Court is bound to accept them. *Underwood v. Ribicoff*, 298 F.2d 850 (4th Cir 1962).

Despite deference to the Commissioner's findings of fact, "a factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." *Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Court has authority under 42 U.S.C. § 405(g) to affirm, modify, or reverse the decision of the agency "with or without remanding the case for a rehearing." *Melkoyan v. Sullivan*, 501 U.S. 89, 98 (1991).

## V. Discussion

Plaintiff's sole argument on appeal is that the ALJ improperly relied on the testimony of the vocational expert to determine whether a successful adjustment to other work could be made. (Pl.'s Mot. Summ. J. 3-4, ECF No. 12-1.) Plaintiff asserts that the hypothetical posed by the ALJ to the vocational expert during the administrative hearing was less restrictive than the ALJ's RFC determination. (Id.) Specifically, the hypothetical posed by the ALJ to the vocational expert stated "please assume [claimant] has no exertional limitations, but he is limited visually to occasionally performing work requiring close visual acuity … he must avoid even moderate exposure to workplace hazards;" and the Plaintiff's RFC states "claimant has the residual functional capacity to perform a full range of work at all exertional levels except that he is limited to: occasionally performing job duties requiring close visual acuity; and avoiding even moderate exposure to workplace hazards due to limited depth perception and field of vision." (R. 63, 20.) Defendant asserts that the distinction between the ALJ's hypothetical and Plaintiff's RFC is irrelevant and amounts, at most, to harmless error. (Def.'s Mot. Summ. J. 6-8, ECF No. 14-1.)

An ALJ's hypothetical to a vocational expert must fairly represent a claimant's impairments. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (citation omitted). The ALJ, however, is free to accept or reject impairments proposed by the claimant's counsel and need only include in his hypothetical those limitations which are supported by substantial evidence in the record. Mickles v. Shalala, 29 F.3d 918, 929 n.7 (4th Cir. 1994). The determination of whether a hypothetical fairly sets out all of a claimant's impairments turns on two issues: (1) whether substantial evidence supports the ALJ's RFC determination; and (2) whether the hypothetical question adequately sets forth the RFC as found by the ALJ. Hyson v. Astrue, No. 1:10-cv-0308-BPG, slip op at 6 (D. Md. June 27, 2012) (citing Ward v. Astrue, No. 2:09-cv-0053, 2010 WL 1752554, *4 (W.D. Va. May 3, 2010) and Randolph v. Astrue, No. 1:08-cv-0839, 2011 WL 3841960, *5 (M.D.N.C. Aug. 26, 2011)). If an ALJ fails to accurately state a claimant's RFC in a hypothetical to a vocational expert, but that failure does not change the outcome of the decision because the vocational expert identifies an occupation that fits within the parameters of the limitation that was omitted, the ALJ's failure amounts to harmless error. Hyson, No. 1:10-cv-0308-BPG, slip op at 7; Randolph, 2011 WL 3841960, at *5.

Here, the ALJ omitted part of Plaintiff's RFC, "limited depth perception and field of vision," from her hypothetical. The Court, however, finds that the ALJ's failure to include these impairments did not prevent the vocational expert from identifying alternate occupations that fit within the actual parameters of Plaintiff's RFC. Two of the three occupations, within the U.S. Department of Labor, Dictionary of Occupational Titles ("DOT"), identified by the vocational expert's testimony, "dishwasher" and "laundry worker," list "depth perception" and "field of vision" as "Not Present – Activity or condition does not exist." DOT Listing 318.687-010 (Kitchen Helper), 1991 WL 672755; DOT Listing 361.687-018 (Laundry Laborer), 1991 WL 672992. Therefore, the ALJ's decision relied on two representative occupations that fit within the actual parameters of Plaintiff's RFC.[2] Further, positions in the fields of "dishwasher" and "laundry worker" exist in significant number in the national economy, 90,000 and 100,000 jobs nationally, respectively. (R. 24.) Accordingly, the ALJ's failure to list the impairments "limited depth perception" and "limited field of vision" in her hypothetical did not change the outcome of the

_____

[2] The Court notes that the occupation of "packer," within U.S. the Department of Labor, DOT, lists "depth perception" as "Occasionally – exists up to 1/3 of the time" and "field of vision" as "Not Present – Activity or condition does not exist." DOT Listing 920.587-018 (Packer), 1991 WL 687916. Accordingly, the Court acknowledges that the ALJ's hypothetical did not accurately reflect Plaintiff's RFC with respect to the occupation of "packer."

decision and amount to harmless error.[3]  Consequently, summary judgment in favor of Defendant is appropriate.

## VI.  Conclusion

For the foregoing reasons, Defendant has established its entitlement to summary judgment.  Accordingly, the Court hereby GRANTS Defendant's motion for summary judgment, DENIES Plaintiff's motion for summary judgment, DENIES plaintiff's motion, in the alternative, for remand, and AFFIRMS the final decision of the Commissioner.

Despite the informal nature of this letter, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.


Sincerely yours,

/s/

Susan K. Gauvey
United States Magistrate Judge

---

[3] The Court also notes that the ALJ precluded Plaintiff's counsel from asking the vocational expert whether "a hypothetical claimant [who] lacked depth perception" would affect the representative jobs listed in response to the ALJ's hypothetical. (R. 66.) First, the interchange was somewhat confusing. Second, the record does not support the complete absence of depth perception, rather "limited" depth perception. In any event, the Court finds that the ALJ's ruling that counsel's question was "not an appropriate RFC" was harmless error.  The ALJ's ultimate decision relied on two representative occupations, "dishwasher" and "laundry worker," which, as discussed supra, allow for a complete lack of depth perception.  DOT Listing 318.687-010 (Kitchen Helper), 1991 WL 672755; DOT Listing 361.687-018 (Laundry Laborer), 1991 WL 672992.